1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIYAM AKMAL d/b/a AEGIS IT
SOLUTIONS, INC., et al.,

              Plaintiffs,

     v.

CINGULAR WIRELESS, INC., et al.,

              Defendants.

CASE NO. C06-0748JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on a motion to "enlarge discovery period" from Plaintiff Mariyam Akmal (Dkt. # 26).  The court has reviewed the briefing and for the reasons stated below, GRANTS Ms. Akmal's motion.

## II.  BACKGROUND

Ms. Akmal filed this action alleging breach of contract, promissory estoppel, and defamation in King County Superior Court on May 3, 2006; Defendants removed to this court on June 1, 2006 (Dkt. # 1).  Counsel for the parties met and devised a mutually agreeable discovery plan, which Ms. Akmal's counsel filed on September 8, 2006 (Dkt. #

ORDER – 1

16).  Based on this discovery plan, the court issued a minute order on September 18, 2006 (Dkt. # 17), setting a trial date of July 17, 2006, and the following related deadlines: all motions related to discovery to be filed by February 20, 2007; discovery to be completed by March 19, 2007; and all dispositive motions to be filed by April 18, 2007.

The parties exchanged initial disclosures in mid-September 2006.  Foster Decl. ¶ 2.  On September 29, 2006, Defendant TEKsystems requested that Ms. Akmal submit a "self-request" to the Employment Security Department ("ESD") in order to obtain records related to her defamation claim.[1]  Id. ¶ 3, Ex. A.  TEKsystems provided Ms. Akmal with a completed "self-request" form to submit to the ESD.  Id.  Although the record does not reflect the outcome of this request, it is not disputed that TEKsystems did not receive the requested signed form or the ESD documents.  TEKsystems made additional requests to Ms. Akmal for the ESD records in October and November 2006 that were equally unsuccessful.  Id. ¶ 7, Ex. B, D.  TEKsystems ultimately threatened to file a motion to compel the documents.  Id.

On December 28, 2006, Ms. Akmal provided Defendants with three pages of records she obtained from the ESD.  The fax records accompanying the records, however, indicated that the ESD had sent Ms. Akmal five pages.  Id. ¶ 7, Ex. D.  During Ms. Akmal's January 30, 2007 deposition, she provided the additional two pages of ESD records.  Id. ¶ 10.  Ms. Akmal also testified that there were more documents, which were still in the possession of the ESD, to support her defamation claim.  At this time, Defendants requested the additional records, which Ms. Akmal promised to provide.  Id., Exs. G, H.

---

[1]Ms. Akmal's defamation claim appears to be based on Defendants' communications to the ESD regarding her employment status.

ORDER – 2

According to Ms. Akmal, on February 8, 2007, she renewed an "ongoing and unanswered request for additional information" from the ESD.  Amamilo Aff. ¶ 3, Ex. 1. On February 13, 2007, the ESD sent a letter confirming receipt of Ms. Akmal's request and stating that an answer would be provided within 20 days of the date of the letter – i.e., March 5, 2007.  Foster Decl. ¶ 11, Ex. I.

Ms. Akmal made her first formal discovery request, comprised of three third-party subpeonas, on January 15, 2007.  Id. ¶ 15, Ex. J.  On February 19, 2007, Ms. Akmal faxed and emailed written discovery requests, including interrogatories, requests for production of documents, and requests for admission to each Defendant.  Id. ¶ 12. Defendants objected to the requests as untimely because the due date of the discovery requests, March 22, 2007, fell after the March 19, 2007 discovery cut-off.  Id. ¶ 14.[2]  On March 13, 2007, Ms. Akmal filed this motion to compel Defendants to respond to her written discovery requests.

### III.  ANALYSIS

Ms. Akmal requests the court to permit an additional 10 days of discovery to allow Defendants the opportunity to cure "any perceived prejudice" that may have resulted from the "serving of the discovery requests on February 19, 2007."  See Mot. at 1.  In doing so, Ms. Akmal seeks an amendment of the court's September 18, 2006 scheduling order, which sets a discovery deadline of March 19, 2007.

The scheduling order "controls the subsequent course of the action" unless modified by the court.  Fed. R. Civ. P. 16(e).  Rule 16(b) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause."

---

[2]Defendants' letter of objection was dated March 6, 2007.  Ms. Akmal's counsel contends that Defendants' objection was not received until March 12, 2007, due to a change of address. Even if Defendants' objection was not received until the later date, they were still made within the applicable 30 day time period.  See Fed. R. Civ. P. 33(b)(3), 34(b), 36(a).

ORDER – 3

Fed. R. Civ. P. 16(b).  Thus, to obtain the modification she seeks, Ms. Akmal must show "good cause" under Rule 16(b).  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).  A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order.  Zivkovic, 302 F.3d at 1087; Johnson, 975 F.2d at 609.  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  Zivkovic, 302 F.3d at 1087 (citation omitted); Johnson, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").

Ms. Akmal's stated reason for her belated discovery requests is confounding.  Ms. Akmal claims that any delay was not in her "reasonable control" because her February 8, 2007 request to the ESD "has not received a response to date."  Mot. at 4-5.  As an initial matter, Ms. Akmal fails to explain how the information requested from the ESD is critical or even relevant to her ability to propound timely discovery requests.  Indeed, Ms. Akmal ultimately submitted her discovery requests without the benefit of this information.  Were the ESD records critical, Ms. Akmal could have sought an extension of the discovery deadline on February 13, 2006, when she learned that the ESD would not provide her with the records until March 5, 2007.  Moreover, even assuming that the ESD's delay is somehow pertinent, its slow response is, in large part, the result of Ms. Akmal's own delay in requesting the information.  As noted above, Defendants requested the ESD records from Ms. Akmal as early as September 29, 2006.  Despite sending Ms. Akmal a completed "self-request" form, she failed to obtain and provide Defendants with the information until December 28, 2006.

ORDER – 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On these facts, Ms. Akmal's showing of diligence is marginal at best.  Even so, to preclude Ms. Akmal from obtaining the discovery she seeks because her request was served just three days late would produce a harsh result.  Accordingly, the court finds that a modest modification of the scheduling order is appropriate.  The court extends the discovery deadline to April 30, 2007 to the following limited extent: Defendants shall respond to Ms. Akmal's written discovery requests by this date.[3]

The court is mindful of Defendants' contention that they should not be penalized by decreasing the allotted time for their preparation of an anticipated summary judgment motion because of Ms. Akmal's failure to submit timely requests.  Accordingly, the court extends the deadline for the filing of dispositive motions by seven days, to April 25, 2007.   Plaintiff's time to respond to a dispositive motion shall be shortened by seven days – i.e., Plaintiff's response, if any, will be due two Mondays before the noting date.  See Local Rules W.D. Wash. CR 7(d) (setting response due date one Monday before the noting date).  The remaining deadlines in the scheduling order shall remain unchanged.

---

[3]Defendants also object to the substance of Ms. Akmal's discovery requests as they are burdensome and seek largely irrelevant information.  Although the relevance of Ms. Akmal's requests is not currently before the court, it notes that at least two of the requests appear to seek information from Defendants that is wholly irrelevant to the claims at issue.  For instance, Ms. Akmal's interrogatories query whether each Defendant "has any ownership interest in real property" (Interrogatory No. 9) and ask for a legal description of the size, address, ownership interest, and improvements on each parcel of real property (Interrogatory No. 10). Foster Decl., ¶ 17, Ex. K.  Defendants are obligated only to provide information that is relevant to Ms. Akmal's claims.  See Fed. R. Civ. P. 26(b).

ORDER – 5

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS Ms. Akmal's motion for modification of the court's scheduling order (Dkt. # 26).

Dated this 20th day of March, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 6